**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN HAZLERIGG, : | |
|     Plaintiff : | CIVIL ACTION NO. 3:17-2157 |
| v : | |
| | (JUDGE MANNION) |
| CORRECTIONAL CARE, INC, : | |
| *et al.*, | |
|     Defendants : | |

## MEMORANDUM

**I. Background**

On November 24, 2017, Plaintiff, John Hazlerigg, an inmate formerly confined in the Lackawanna County Prison, Scranton, Pennsylvania, filed the above captioned civil rights action[1] pursuant to 42 U.S.C. §1983. (Doc. 1, complaint).

On November 24, 2017, this Court's Standing Practice Order and Pro Se Letter was mailed to the Plaintiff at the Lackawanna County Prison. (Docs. 5, 6). On December 5, 2017, the documents were returned to the Court as "not deliverable as addressed, unable to forward" and "inmate released". (Doc. 7). The Court attempted to resend the documents, and on

---

[1]The Court notes that Plaintiff's action was penned on November 18, 2017. (See Doc. 1, complaint).

December 14, 2017, the documents were once again returned as "not deliverable as addressed, unable to forward). On December 29, 2017, through a phone conversation with the Lackawanna County Prison, the Court was informed that Plaintiff was released on November 21, 2017.

## II. Discussion

The Plaintiff's failure to inform this court of a change of address constitutes a failure to prosecute this action and, therefore, this action is subject to dismissal pursuant to Fed.R.Civ.P. 41(b), which states in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in Link v. Wabash R.R. Co., where the plaintiff argued that Fed.R.Civ.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967) (quoting Link

v. Wabash R.R. Co., 370 U.S. 626, 629 (1962)).

In the instant action, the court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with rules of court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

Finally, since the plaintiff has failed to advise the court of a new address, and has made no contact with the court, it justifies dismissal of this action. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: December 28, 2017
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2157-01.wpd

3